ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| JEFFREY J. HERNÁNDEZ RAMOS<br><br>Parte Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Parte Recurrida | TA2026RA00139 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Rem. Adm. Núm.: PA-62-26<br><br>Sobre:<br>Revisión Judicial |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de abril de 2026.

Comparece ante *nos* Jeffrey Hernández Ramos (Hernández Ramos o recurrente), por derecho propio y quien se encuentra confinado en la Institución Ponce 1,000, y nos solicita que revisemos una *Respuesta del Área Concernida* emitida el 12 de febrero de 2026, por la División de Remedios Administrativos (DRA) del Departamento de Corrección y Rehabilitación (DCR o recurrida).

Sin necesidad de trámite ulterior y por los fundamentos que expondremos a continuación, se *desestima* el recurso de epígrafe por falta de jurisdicción.

**I.**

El 26 de enero de 2026, Hernández Ramos presentó una *Solicitud de Remedio Administrativo* ante la DRA. Alegó que, en el 2023, solicitó para ser considerado al Programa de Pre-reinserción a la Libre Comunidad. Sostuvo que, a pesar de cumplir con los requisitos, el programa tiene detenida su solicitud. Así las cosas, el 12 de febrero de 2026, notificada el 24 de febrero de 2026 y recibida

por el recurrente el 10 de marzo de 2026, la DRA emitió una

*Respuesta del Área Concernida.* En la misma, la DRA determinó que:

> Conforme a la documentación recibida por la oficiana de Secretaria Auxiliar de Programas y Servicios, su caso fue pospuesto ante los dispuesto en el Plan de Reorganización 2-2011 en sus artículos 17,18 y 19 de los derechos de las víctimas de delitos en los procesos realcionados con los Programas de Desvío y Comunitarios. Esta forma tenía un apercibimiento, que fue firmado por usted, para que iniciara un proceso de revisión de no estar de acuerdo con la determinación. Con este remedio entendemos que debió haber realizado lo pertinente ante la agencia o ante el tribunal de apelaciones, de haber seguido el procedimiento administrativo uniforme, basado en su ley. Lamentamos el retraso, no obstante, todos los programas deben cumplir con todos los requisitos establecidos. En su caso no es denegado, es pospuesto. Esto lo hemos discutido en las entrevistas de seguimiento.

Insatisfecho, el 16 de marzo de 2026, el recurrente compareció ante *nos* mediante una *Moción en Solicitud de Revisión Judicial* en la que no realizó señalamientos de error, la cual fue recibida en la Secretaría de este Tribunal el 26 de marzo de 2026.

**II.**

**A. La jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Municipio de Aguada v. W Construction, LLC*, 214 DPR 432 (2024). Véase, además, *RB Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR*, *supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser

subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu propio. MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino,* 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA,* 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado,* 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza,* 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al., supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675 (2011); *Vázquez v. A.R.P.E.,* 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007). A

tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, *supra*, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo*, *supra*. Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires. Municipio de Aguada v. W Construction, LLC*, *supra* citando a *Maldonado v. Junta Planificación*, 171 DPR 46 (2007).

Cónsono con lo anterior, la Regla 83 de nuestro Reglamento, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025), la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

**B. Perfeccionamiento del recurso de revisión judicial**

El perfeccionamiento del recurso de revisión está regulado en la Parte VII del Reglamento del Tribunal de Apelaciones. Específicamente, la Regla 59 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone que:

Contenido del recurso de revisión

[...]

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.

La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

[...]


(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del Apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el Apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o motu proprio, a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos.

La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso.

El Tribunal Supremo de Puerto Rico señaló en *Morán v. Martí,* 165 DPR 365 (2005), la necesidad de discutir y fundamentar los errores que se imputan al foro de instancia. Allí explicó que el promovente del recurso tiene la obligación de poner en posición al foro apelativo de aquilatar y jurisprudenciar el error señalado. Así pues, nuestro máximo Foro local reconoció que "solamente mediante un señalamiento de error y una discusión, fundamentada, con referencia a los hechos y a las fuentes de derecho en que se sustenta, podrá el foro apelativo estar en posición de atender los reclamos que le plantean". Además, señaló como más importante que "el craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo". *Íd.*

Así, toda la reglamentación aplicable a los diversos recursos apelativos requiere que el escrito contenga un señalamiento breve y conciso de los errores que a juicio del promovente cometió el foro recurrido. H. Sánchez Martínez, *Práctica Jurídica de PR, Derecho Procesal Apelativo*, Ed. LexisNexis de PR Inc., Hato Rey, PR, (2001), pág. 294. El cumplimiento de esa exigencia es importante porque el tribunal apelativo está obligado a considerar solamente los errores que el promovente señaló específicamente. *Íd.* No obstante, esa omisión no es fatal, si el litigante de facto alude de otro modo al error contenido y lo discute en su alegato. *Íd.*

### C. Incumplimiento con el Reglamento del Tribunal de Apelaciones

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra,* dispone que este foro podrá *motu proprio*, en cualquier momento, desestimar un recurso porque: (1) no tiene jurisdicción; (2) se presentó fuera del término establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge claramente la falta de una controversia sustancial; (5) es académico.

Las partes deben observar rigurosamente las disposiciones reglamentarias para el perfeccionamiento de los recursos ante los foros apelativos. *M-Care Coumpounding et al v. Dpto. de Salud,* 186 DPR 159 (2012); *Pueblo v. Rivera Toro,* 173 DPR 137 (2008). Así pues, la aplicación flexible del reglamento solo procede en situaciones muy particulares, en las cuales tal flexibilidad está plenamente justificada. El Tribunal Supremo de Puerto Rico reconoció que el reglamento debía aplicarse flexiblemente, cuando se incumple con un requisito de forma de menor importancia. *Arriaga v. FSE,* 145 DPR 122 (1998).

Asimismo, en *Febles v. Romar,* 159 DPR 714 (2003), el Tribunal Supremo de Puerto Rico advirtió que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales".

**III**.

En el caso ante *nos,* el documento presentado por Hernández Ramos no es revisable. El recurrente incumplió sustancialmente con los requisitos reglamentarios para su perfeccionamiento, necesarios para que podamos asumir jurisdicción y atenderlo. Así pues, Hernández Ramos incumplió con el Reglamento del Tribunal de Apelaciones, al no incluir un señalamiento de error breve y conciso de los errores que a su juicio cometió la DRA. Tampoco realizó una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso; específicamente, aquellos relacionados a la posposición emitida por el Programas de Desvío y Comunitarios. Asimismo, el recurrente no incluyó una discusión basada en fundamentos de hecho y derecho cuestionando la determinación por parte de la agencia.

Así pues, el escrito presentado se circunscribe a unos planteamientos repetitivos que solo señalan su descontento con una determinación de la agencia administrativa del año 2024 y que,

desde entonces, ha quedado en pausa. Sin embargo, es importante hacer notar que, la determinación del 23 de mayo de 2024 no fue objeto de revisión judicial.

En fin, la ausencia de un señalamiento de error breve y conciso, de una relación fiel de los hechos procesales, de una discusión basada en fundamentos de hecho y de derecho, junto a la falta de la disposición legal aplicable, nos privan de jurisdicción para atender el recurso.

**IV.**

Por los fundamentos antes expuestos, *desestimamos* el recurso de revisión judicial por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones